UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD KIRBY BIGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIANNE HORINKO, Acting Administrator, United States Environmental Protection Agency,<br><br>    Defendant. | Civ. Action No. 03-1532 (CKK) |

**MEMORANDUM OPINION**
(August 1, 2006)

This action arises from the settlement agreement reached by Plaintiff and Defendant resolving all issues of dispute arising pursuant to Section 501 of the Rehabilitations Act and Section 102 of the Americans with Disability Act. *See* Settlement Agreement ("Settlement") at 1. Movant Steven M. Spiegel ("Movant" or "Spiegel") filed his Motion for Miscellaneous Relief ("Mot. for Relief") to recover attorney's fees for work that Spiegel allegedly performed on behalf of Plaintiff, as Plaintiff's attorney. *See* Mot. for Relief at 1. Upon considering the pleadings provided by Movant, Plaintiff, and Defendant, the Court shall deny Movant's Motion for Miscellaneous Relief.

**I. BACKGROUND**

On July 16, 2003, Plaintiff Richard Kirby Biggs filed a complaint against Defendant Marianne Horinko – Acting Administrator of the United States Environmental Protection Agency ("EPA") – to challenge the allegedly discriminatory treatment by the EPA of employees whose health was detrimentally affected by toxic substances in the EPA's headquarters. *See* Compl. at 1; Plaintiff's Exhibit 1 attached to Plaintiff's Opposition to Steven M. Spiegel's Motion for Miscellaneous Relief ("Pl.'s Opp'n") (Retainer Agreement between Plaintiff and Plaintiff's counsel

Terris, Pravlik, & Millian). Plaintiff pleaded that Defendant failed to properly ventilate the alternative work station, as mandated by the Rehabilitation Act, 29 U.S.C. 701, *et seq*., which caused physical harm to Plaintiff and impeded his performance at work. *See* Compl. at 1–6.

After the filing of a number of pleadings and motions, the Court issued an Order on November 3, 2004 dismissing the case without prejudice for a period of 30 days, pursuant to notification by the parties that the case had settled in principle. *See* Docket [19]. Thereafter, by a Settlement Agreement filed December 2, 2004, Plaintiff and Defendant agreed to settle the above-captioned case according to certain terms and conditions, as provided within the agreement. *See* Settlement at 1. The agreement clearly indicated that settlement of the dispute:

> shall not be construed as admissions of liability on the part of the Agency for any acts, omissions, allegations, charges, or claims which are the subject matter of the above-cited complaints and may not be used in any administrative or judicial legal proceeding except (a) as otherwise required by law or order of a court; (b) as necessary to enforce the agreement in this Court, and (c) the Agency's determination, as set forth in this settlement agreement, that plaintiff is a "qualified individual with a disability . . . .

*Id*. at 1, ¶ 1. Within the agreement, the parties agreed to terms acceptable to each for continuing Plaintiff's employment, and stipulated that the matter should be dismissed with prejudice by the Court. *See* Settlement at 3-6; Stipulation and Order of Dismissal ("Dismissal Order"). The parties also agreed that the Court should retain jurisdiction to enforce the provisions of the Settlement should any dispute arise, and the Court so ordered on December 2, 2004. *See* Dismissal Order at 5. Therefore, the Court retains jurisdiction to ensure that the agreement is followed as stipulated.

In the interim, upon receiving notification of the Court's order of November 3, 2004, movant Spiegel filed his Motion for Miscellaneous Relief on November 30, 2004. In the motion, Spiegel – an attorney – asserts that "he performed legal work" on behalf of Plaintiff, "under the supervision and direction" of Plaintiff's counsel, Mr. Terris. *See* Mot. for Relief at 1. As a result,

Spiegel alleges that Plaintiff and his counsel "incurred an obligation to seek compensation for Mr. Spiegel's legal work at current market rates upon settlement of this case," which Spiegel contends they have failed to do. *See id*. Spiegel requests one of three forms of alternative relief: First, Spiegel asks the Court "for an additional 30 day period" prior to dismissing the case with prejudice, in which the parties could "confer to try to reach an agreement on the issue of fees." *Id*. In the alternative, Spiegel asks the Court to accept the settlement as final, and to enter an order pursuant to Local Civil Rule 54.2, "extending the time for submitting a fee application and commencing fee litigation." *Id*. Alternatively, Spiegel seeks an entry of an attorney's lien for his fees, "directing that any payment of attorneys' fees from defendant EPA be held by the Court for the payment of [Spiegel's] fees upon submission of his fee request." *Id*.

## II. DISCUSSION

For the sake of organizational clarity, the Court shall first determine whether Spiegel has proper standing to bring a motion in this case. Next, the Court shall consider whether Spiegel may recover fees as a prevailing party in this case. Finally, the Court shall discuss whether Spiegel would have a likelihood of recovery on the merits.

    A.    *Standing to Litigate*

Spiegel asserts that he is entitled to an opportunity to either confer with the parties to resolve the fee issue or to litigate the question prior to a final entry of dismissal with prejudice in this matter. *See* Mot. for Relief at 1–2. He argues that as a result of having "performed legal work in this case on behalf of Mr. Biggs and under the supervision and direction of current plaintiff's counsel," he is entitled to seek redress for Plaintiff's failure to reimburse him for his services. Mot. for Relief at 1. Spiegel references Local Civil Rule 54.2, which deals with the determination of attorneys fees and indicates that:

> In any case in which a *party* may be entitled to an attorney's fee from another party, the court may . . . enter an order directing the *parties* to confer and to attempt to reach agreement on fee issues.

Local Civil Rule 54.2 (emphasis added). Based upon said rule, Spiegel argues that the Court may order the parties to confer and extend the dismissal of the suit until the fee issue is resolved. Spiegel does not advance any authority to demonstrate that he is a valid party to this action.

In opposition, both Plaintiff and Defendant have filed responses to the motion presenting several arguments, which the Court finds persuasive. *See* Plaintiff's Opposition to Steven M. Spiegel's Motion for Miscellaneous Relief ("Pl.'s Opp'n), filed 12/03/04; Opposition to Steven Spiegel's Motion for Miscellaneous Relief ("Def. Opp'n"), filed 12/10/04.

### 1. Only a Party May Recover Attorney's Fees

Both parties assert that Spiegel was not a party to the captioned action, and therefore has no standing to file a motion in a case in which he is not a party. *See* Pl.'s Opp'n at 2; Def. Opp'n at 2. The Plaintiff and Defendant correctly indicate that Spiegel has not cited any "statute, rule or other authority" that would permit him to intervene in this case and to file motions as a party therein. *Id*. In contrast, ample case law indicates that attorneys who are not parties to a judgment or a cause in which a judgment may be entered do not have standing to bring a motion for relief from said judgment. *See Ratner v. Bakery & Confectionary Workers Int'l Union of Am.*, 394 F.2d 780, 782 (D.C. Cir. 1968) (". . . Rule 60(b) by its own terms is available only to 'a party or his legal representative' seeking relief from a final judgment"); *see also Ericsson, Inc. v. Interdigital Commc'ns Corp.*, 418 F.3d 1217, 1224 (Fed. Cir. 2005); *Nat'l. Acceptance Co. of Am., Inc. v. Frigidmeats, Inc.*, 627 F.2d 764, 766 (7th Cir. 1980).

Additionally, Spiegel fails to even assert an attorney-client relationship with Plaintiff, which further undermines his argument that he should recover attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435-36, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) ("It seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988."); *see also Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1291-92 (D.C. Cir. 1998) (finding that attorneys who performed legal services under the direction of principal counsel but had no attorney-client relationship with client did not qualify for attorney's fees). Moreover, the Supreme Court has emphasized that under fee-shifting statutes like Title VII, the party, not his attorney, is entitled to attorney's fees. *See Evans v. Jeff D.*, 475 U.S. 717, 732 n. 19, 106 S.Ct. 2909, 89 L.Ed.2d 747 (1986). Therefore, even if Spiegel could substantiate his statement that he was Plaintiff's attorney, he would not be entitled to attorney's fees as of right because Plaintiff could chose to waive his right to the fees. *See id.* As such, counsel would be required to litigate this matter separately. This argument further contravenes Spiegel's contention that he should recover attorney's fees through his Motion for Miscellaneous Relief in *this* case.

Considering the complete absence of authority suggesting that Spiegel is either a party or may intervene in the matter to recover attorney's fees, the Court finds that Spiegel lacks the standing to pursue the motion for relief in this matter. The Court agrees with Defendant's filing which concluded that Local Civil Rule 54.2 is inapplicable to Spiegel since he "is not a party" and "has no standing nor right to file any fee requests pursuant to Rule 54." *See* Def. Opp'n at 3. This finding should not be interpreted as preempting Spiegel from bringing a separate suit against Plaintiff or his counsel under an independent legal basis.

2. Only a Prevailing Party May Recover Attorney's Fees

Assuming *arguendo* that Spiegel could demonstrate his right to bring a motion in this

matter, Spiegel's motion for relief would nonetheless fail on the ground that he is not a prevailing party in the litigation, and therefore not entitled to attorneys fees. Pursuant to the Rehabilitation Act, under which this suit was brought, Congress indicated that:

> In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

29 U.S.C. § 794(b). In *Buckhannon Board and Home Care, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 600, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court defined a prevailing party, concluding that one is not a prevailing party if he "has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." The Court found that:

> enforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees. . . . Never have we awarded attorney's fees for a nonjudicial 'alteration of actual circumstances.'"

*Id*. at 604, 606 (citations omitted). Furthermore, some form of "judicial *imprimatur*" must be evidenced for a party to be considered a prevailing party, *id*. at 601, and a stipulation and order of dismissal "is properly viewed as a procedural ruling that cannot serve as the basis for a determination that the [party] prevailed," *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002).

Considering the settlement agreement in this case, it is evident that no material finding against Defendant or in favor of Plaintiff was issued. *See* Settlement at 1. As such, the Court cannot say that it ordered "judicial relief on the *merits* of [party's] complaint," nor that it materially altered "the legal relationship of the parties necessary to permit an award of attorney's fees." *Oil,*

*Chem. & Atomic Workers Int'l Union*, 288 F.3d at 458 (citations omitted) (emphasis in original). The settlement agreement represents "defendant's voluntary change in conduct" and may achieve "what the plaintiff sought to achieve by the lawsuit," but nonetheless, as a private and voluntary agreement between the parties, "lacks the necessary judicial *imprimatur* on the change." *See Buckhannon Bd. & Home Care, Inc.*, 532 U.S. at 605, 121 S.Ct. 1835.

While the Court is aware of one opinion in this District finding that a court's post-judgment monitoring of compliance with a private settlement may create a material alteration of the legal relationship to warrant attorney's fees, *see Johnson v. Dist. of Columbia*, 190 F. Supp. 2d 34, 45 (D.D.C. 2002) ("the Supreme Court's requirement that in order to qualify as a prevailing party requires an enforceable change in the legal relationship is in fact met when parties enter a private settlement") (citation omitted), the overwhelming nature of Supreme Court and D.C. Circuit precedent suggests that the Court's retention of jurisdiction to enforce the provisions of the Settlement Agreement should a dispute arise, *see* [21] Order of Dismissal, does not constitute sufficient judicial *imprimatur* to permit an award of attorney's fees. Therefore, even assuming *arguendo* that Spiegel had standing in this action to bring his claim as a "party," his claim would likely require dismissal on the grounds that Spiegel has failed to show standing as a "prevailing party" in the matter.

B.     *Consideration of the Merits*

Even if Spiegel could show that he had proper standing to bring this motion for relief, as stated in Section II(A), Spiegel alleges he "performed legal work in this case on behalf of Mr. Biggs and under the supervision and direction of current plaintiff's counsel," and is therefore entitled to seek redress for Plaintiff's failure to reimburse him for his services. Mot. for Relief at 1. Spiegel has failed to produce any evidentiary support for his allegations. In opposition to Spiegel's

contentions regarding his entitlement to attorney's fees, Plaintiff submitted several retainer agreements to contest Spiegel's account of the attorney-client relationship.  Based upon the uncontroverted evidence submitted, Plaintiff's counsel was retained to represent Spiegel and several other EPA employees, including Plaintiff, in administrative claims brought against the EPA.  *See* Pl.'s Opp'n at 3 & Ex. 1–7.  While Plaintiff concedes that Spiegel "did some work on the cases under the supervision of [counsel]," the exhibits show that Spiegel was not retained as Plaintiff's counsel.  *See id.* & Ex. 1, 2, 3, 4.  Moreover, neither the firm's retainer agreement with Plaintiff, nor the firm's retainer agreement with Spiegel, provide for Plaintiff's counsel to seek compensation for Spiegel for work done on Plaintiff's case.  *See id.* & Ex. 5, 6, 7.  As such, it does appear to the Court that neither Plaintiff nor Plaintiff's counsel ever agreed to seek compensation through Plaintiff's action for any work handled by Spiegel.

At most, one of the retainer agreements "provided that the firm would seek compensation for Mr. Spiegel's work" in his case, but does not mention compensation for work done in any other case.  *See id.* & Ex. 7, ¶ 3.  Spiegel has provided no counter evidence to suggest that he was entitled to compensation for work done on Plaintiff's case, and Plaintiff's exhibits tend to undermine Spiegel's conjectural arguments.  The retainer agreements conclusively show that no attorney-client relationship existed between Spiegel and Plaintiff.  When considered in concert with case law showing that an attorney-client relationship is likely an intended predicate for an award of attorney's fees, *see Kay*, 499 U.S. at 435-36, 111 S.Ct. 1435, Spiegel's assertion of entitlement to an award of attorney's fees fails.  Based on the information provided to and considered by the Court, it is highly unlikely that even if Spiegel was permitted to pursue the substantive issues in his motion for miscellaneous relief that he would recover.

### III. CONCLUSION

For the foregoing reasons, the Court shall deny Movant's Motion for Miscellaneous Relief. An appropriate Order accompanies this Memorandum Opinion.

Date: August 1, 2006

                                                              /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge